# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. LEWIS DEEUGENIO, JR. and SUMMIT CITY FARMS, | 1:19-cv-20521-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| BOROUGH OF GLASSBORO, et al., | |
| Defendants. | |

**APPEARANCES**:

GARY EDWIN FOX
FOX & MELOFCHIK, L.L.C.
12 CHRISTOPHER WAY
SUITE 101
Eatontown, NJ 07724

    *On behalf of Plaintiffs*

SETH LAWRENCE LAVER
GOLDBERG SEGALLA LLP
1700 MARKET STREET
SUITE 1418
PHILADELPHIA, PA 19103

    *On behalf of Defendant Timothy D. Scaffidi*

PATRICK JOSEPH MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST
SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389

    *On behalf of all other Defendants*

**HILLMAN, District Judge**

    This matter concerns a parking ordinance enacted by the

Borough of Glassboro to alleviate parking issues caused by Rowan University students parking on Glassboro's residential streets. Plaintiffs, who own and operate a commercial farm, claim that the parking ordinance is arbitrary, capricious, and without rational basis, is discriminatory as applied to Plaintiffs, violates their due process and equal protection rights, and must be declared void.

Defendants removed Plaintiffs' case from state court to this Court pursuant to 28 U.S.C. § 1331, with the Court having supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).[1]  The purported basis for federal question jurisdiction is Plaintiffs' single averment in their complaint that "Defendants' actions violate Plaintiffs' State and Federal civil rights."  (See Plaintiff's Complaint, Docket No. 1 at 14 ¶ 27; see also Notice of Removal, Docket No. 1 at 2 ¶ 6.)  The six counts in Plaintiffs' complaint, however, either do not specify the law upon which Plaintiffs rely, or cite to the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, et seq.  (See Plaintiffs' Complaint, Docket No. 1 at 14-17 ¶¶ 28-42.)

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss Plaintiffs' complaint in its entirety on numerous

---

[1] It does not appear that subject matter jurisdiction may be premised on 28 U.S.C. § 1332 because there is no diversity of citizenship between Plaintiffs and Defendants.

2

bases, including Plaintiffs' failure to state viable claims.[2] Plaintiffs have moved to remand, arguing that their claims arise solely under New Jersey law and they have not asserted any federal claims, which was intentional and by design.

Although as discussed below the issues are somewhat intertwined, before addressing Defendants' Motion to Dismiss the Court must first determine whether it has subject matter jurisdiction over the asserted claims.  Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992)); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to

---

[2] Defendants have also moved to dismiss Plaintiffs' complaint under the Younger abstention doctrine because of an ongoing state administrative proceeding concerning the ordinance, while Plaintiffs contend that the state proceedings do not fall within the scope of the Younger abstention doctrine.  The Supreme Court has noted the three circumstances under which a federal court should consider whether to abstain from hearing a case: (1) "[w]hen there is a parallel, pending state criminal proceeding," (2) when there are "particular state civil proceedings that are akin to criminal prosecutions," and (3) when there are particular state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."  Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013) (discussing Younger v. Harris, 401 U.S. 37 (1971)).  Because the Court will remand Plaintiffs' complaint to state court, the Court need not address the Younger abstention doctrine.

3

establish federal jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).

The federal removal statute permits a defendant to remove a civil action from state court to the district court when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed.  28 U.S.C. § 1441(a).  Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking."  28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Section 1331 of Title 28 of the United States Code provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Generally, "determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983)).

4

Under this rule, subject-matter jurisdiction as described under 28 U.S.C. § 1331 may only be exercised when a federal question is presented on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar, 482 U.S. at 398-99) (explaining that because the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court").

"[T]he party who brings the suit is master to decide what law he will rely upon," but "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Franchise Tax Bd., 1 463 U.S. at 22 (citations omitted). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 27-28.

Here, in their motion to remand Plaintiffs argue that they only intended to assert claims premised solely on state law. Even though statements in Plaintiffs' brief in support of their

5

motion to remand cannot alter the contents of their complaint, it is apparent when examining the complaint under the well-pleaded complaint rule that Plaintiffs' claims arise only under New Jersey state law, despite Plaintiffs' single use of the word "Federal" in their complaint.

As noted above, in paragraph 27 of their complaint, Plaintiffs plead, "Defendants' actions violate Plaintiffs' State and Federal civil rights." (See Plaintiff's Complaint, Docket No. 1 at 14 ¶ 27.) In Plaintiffs' first count against Defendants, Plaintiffs allege:

> 29.  Borough of Glassboro Ordinance Number 16-26 is arbitrary, capricious and unreasonable and without any rational basis.
>
> 30.  The enforcement of this Ordinance has caused the Plaintiffs damages.

(Id. ¶¶ 29-30.) Plaintiffs do not cite to what law or constitutional provision supports their claim that the ordinance is "arbitrary, capricious and unreasonable and without any rational basis." Applying the well-pleaded complaint standard, this Count does not implicitly or explicitly assert a violation of a federal substantive right. Whether an ordinance is "arbitrary, capricious and unreasonable and without any rational basis" in violation of the federal or state constitution is a standard for proving a constitutional violation claim rather than the substantive right itself, such as due process or equal

6

protection.[3]  See Behne v. Union County College, 2018 WL 566207, at *11 (D.N.J. 2018) (citing Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc., 2012 WL 762498, at *10 (D.N.J. 2012)) ("Plaintiff's 'arbitrary and capricious' claim must be dismissed as this is a legal standard, not an independent cause of action."); see also Pitt v. Pine Valley Golf Club, 695 F. Supp. 778, 783 (D.N.J. 1988) (citing Cleburne v. City of Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985)) (other citations omitted) ("Absent a fundamental right or suspect classification, the proper standard of review for both due process and equal protection challenges is the rational relation test. . . . Under this rational relationship test, the legislation must not be arbitrary or capricious and must be reasonably related to a legitimate state interest."); Robson v. Rodriquez, 141 A.2d 1, 4 (N.J. 1958) (citations omitted) ("The guaranty of due process as it applies to cases of the type here under consideration requires only that a law shall not be unreasonable, arbitrary or capricious, and that the means selected shall bear a rational relation to the legislative object sought to be obtained. Similarly, the constitutional requirement of equal protection is

---

[3] A claim based on a legal standard and not a substantive right is insufficient to establish subject matter jurisdiction.  As discussed below, Plaintiffs assert separate counts against Defendants for due process violations and equal protection violations.

7

met by legislation that treats all persons within a class reasonably selected, in a like or similar manner.").

To the extent that Plaintiffs' arbitrary and capricious count can constitute an actionable stand-alone claim, such a claim would arise under New Jersey law.  See Pheasant Bridge Corp. v. Township of Warren, 777 A.2d 334, 338-39 (N.J. 2001) cert. denied, 535 U.S. 1077 (2002) (citations omitted) ("Municipalities possess broad police power to zone for the public good insofar as the Legislature delegates that authority. . . . . Although a strong presumption of validity insulates a zoning ordinance from challenge, a plaintiff overcomes that presumption through an affirmative showing that the ordinance in whole or in application to any particular property is clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the [zoning] statute.  In evaluating whether a zoning ordinance is arbitrary, capricious, or unreasonable, a court's role is not to pass on the wisdom of the ordinance; that is exclusively a legislative function. Rather, a court engages in a review of the relationship between the means and ends of the ordinance.  In the context of a zoning challenge, the means selected must have real and substantial relation to the object sought to be attained, and the regulation or proscription must be reasonably calculated to meet the evil and not exceed the public need or substantially affect uses which

8

do not partake of the offensive character of those which cause the problem sought to be ameliorated. Put another way, the fundamental question in all zoning cases is whether the requirements of the ordinance are reasonable under the circumstances." (citations and quotations omitted)). Consequently, the first count in Plaintiffs' complaint cannot serve as a basis for federal question jurisdiction.

The second and third counts in Plaintiffs' complaint also do not present a federal question because those two counts are explicitly premised on New Jersey law. The second count in Plaintiffs' complaint alleges, "Defendants have violated the New Jersey Civil Rights Act by denying Plaintiffs their rights to substantive due process." (See Plaintiff's Complaint, Docket No. 1 at 15 ¶ 32.) The third count alleges, "Defendants have violated the New Jersey Civil Rights Act by denying Plaintiffs their rights to equal protection." (Id. at 15 ¶ 32.) Even though Defendants cannot violate the NJCRA because the NJCRA is a means of vindicating substantive rights and is not a source of rights itself, Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014), it is clear that Plaintiffs have asserted due process and equal protection claims solely under the New Jersey constitution. If Plaintiffs intended to assert a due process claim and equal protection claim under the U.S. Constitution, such claims must be

9

premised on 42 U.S.C. § 1983, rather than the NJCRA.[4] Plaintiffs' complaint contains no reference to § 1983.

Plaintiffs' fourth count, like the first count, cannot confer federal question jurisdiction because it is not "well-pleaded" as to any viable claim.  The fourth count alleges, "Defendants have targeted Plaintiffs in adopting Glassboro Ordinance Number 16-26 because they have a personal animus against Plaintiffs and they know they have been violating Plaintiffs' constitutional rights in their actions."  (See Plaintiff's Complaint, Docket No. 1 at 16 ¶ 36.)  Although the constitutional rights Defendants have allegedly violated could conceivably encompass those contained in the U.S. Constitution, such a vague allegation alone cannot serve as a basis for subject matter jurisdiction.  See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986) (explaining "the long-settled

---

[4] "By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Like § 1983, NJCRA is a means of vindicating substantive rights and is not a source of rights itself. Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014). Because the NJCRA was modeled after § 1983, and creates a private cause of action for violations of civil rights secured under either the United States or New Jersey Constitutions, the NJCRA is interpreted analogously to § 1983. See Norman v. Haddon Township, 2017 WL 2812876, at *4 (D.N.J. 2017).

understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); id. at 813 n.11 (citing Textile Workers v. Lincoln Mills, 353 U.S. 448, 470 (1957) (defining inquiry as "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote"); Gully v. First National Bank, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit"); id. at 118 ("If we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power.  To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible.  We shall be lost in a maze if we put that compass by"); see also Stout v. Novartis Pharmaceuticals, Corp., 2009 WL 4576130, at *2 (D.N.J. 2009) (discussing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005) and explaining that if "a plaintiff fails to draft the complaint to make clear the federal issue . . . then the complaint simply was not well-pleaded, and removal cannot be premised on that claim).

    Plaintiffs' fifth count, while silent as to whether state

11

or federal law applies, is clearly advanced under New Jersey law. The fifth count alleges, "Defendant Brigandi and Defendant Scaffidi intentionally interfered with the Plaintiffs' prospective economic advantage." (See Plaintiff's Complaint, Docket No. 1 at 16 ¶ 38.) This count asserts a claim against Defendants for a state tort law violation,[5] and Defendants have not articulated how this count could present a question of federal law.

Finally, the same analysis for the fourth count applies to Plaintiffs' sixth count, which provides, "Glassboro Ordinance Number 16-26 fatally suffers from Defendant Scaffidi's participation in the adoption of this Ordinance when he had a non-waivable conflict of interest and therefore the Ordinance is void." (See Plaintiff's Complaint, Docket No. 1 at 17 ¶ 42.) This count does not present a "well-pleaded" claim that may serve as the basis for federal question jurisdiction.

In short, Plaintiffs appear to recognize that their federal rights may have been violated by Defendants' actions, and they make mention of that possibility in one sentence in their

---

[5] See Varrallo v. Hammond Inc., 94 F.3d 842, 848 (3d Cir. 1996) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 563 A.2d 31, 37 (1989)) ("The Supreme Court of New Jersey has identified the four elements of a prima facie case for this tort: (1) a reasonable expectation of economic advantage to plaintiff, (2) interference done intentionally and with 'malice,' (3) causal connection between the interference and the loss of prospective gain, and (4) actual damages.").

complaint, but the properly pleaded claims in their complaint arise solely under New Jersey law. Federal law did not create their causes of action, and their right to relief does not depend on the resolution of federal law.

Defendants have not met their burden as the removing party to demonstrate subject matter jurisdiction under § 1331. Consequently, in accord with the requirement that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand," Boyer, 913 F.2d at 111, Plaintiffs' complaint shall be remanded to New Jersey state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

An appropriate Order will be entered.


Date: July 8, 2020             s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

13